1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

ALVERNAZ INVESTMENTS, LLC,

No.  2:14-cv-2027-TLN-KJN PS

12

Plaintiff,

13

v.

ORDER AND

14

ROBERT PAWLIK & BARBARA
PAWLIK,

FINDINGS AND RECOMMENDATIONS

15
16

Defendants.

17          This is an unlawful detainer action that was removed to this court by defendants Robert

18   Pawlik and Barbara Pawlik, proceeding without counsel, from the Sacramento County Superior

19   Court on September 2, 2014.  (ECF No. 1)[1]

20          A federal court has an independent duty to assess whether federal subject matter

21   jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

22   Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

23   to establish subject matter jurisdiction over the removed action sua sponte, whether the parties

24   raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).

25   Because subject matter jurisdiction may not be waived by the parties, a district court must remand

26   a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc. v.

27

28

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
§ 636(b)(1).

1

1   Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l

2   Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c)

3   ("If at any time before final judgment it appears that the district court lacks subject matter

4   jurisdiction, the case shall be remanded").  For the reasons outlined below, the court finds that it

5   lacks federal subject matter jurisdiction over the action and recommends that the action be

6   remanded to state court.

7   　　　　In relevant part, the federal removal statute provides:

8   　　　　　　　(a) Except as otherwise expressly provided by Act of Congress, any
    　　　　　　　civil action brought in a State court of which the district courts of
9   　　　　　　　the United States have original jurisdiction, may be removed by the
    　　　　　　　defendant or the defendants, to the district court of the United
10  　　　　　　　States for the district and division embracing the place where such
    　　　　　　　action is pending.
11

12  28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

13  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "The

14  removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction

15  "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic

16  Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation

17  marks omitted).

18  　　　　A federal district court generally has original jurisdiction over a civil action when: (1) a

19  federal question is presented in an action "arising under the Constitution, laws, or treaties of the

20  United States" or (2) there is complete diversity of citizenship and the amount in controversy

21  exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

22  　　　　In regards to federal question jurisdiction, federal courts have "jurisdiction to hear,

23  originally or by removal from a state court, only those cases in which a well-pleaded complaint

24  establishes either that federal law creates the cause of action, or that the plaintiff's right to relief

25  necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. v.

26  Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v.

27  Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  "[T]he presence or absence of federal-

28  question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

2

1    federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

2    properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks

3    omitted).  "In determining the existence of removal jurisdiction, based upon a federal question,

4    the court must look to the complaint as of the time the removal petition was filed." Abada v.

5    Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks

6    omitted).  Mere reference to federal law is insufficient to permit removal. See Smith v. Indus.

7    Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a

8    state cause of action does not automatically confer federal question jurisdiction").  Also, defenses

9    and counterclaims cannot provide a sufficient basis to remove an action to federal court. See

10   Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir.

11   1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

12        Here, removal cannot be based on federal question jurisdiction.  The state court pleadings

13   and papers accompanying the removal notice establish that the state court action is nothing more

14   than a simple unlawful detainer action involving real property located in Rancho Cordova,

15   California.  This court has no jurisdiction over unlawful detainer actions, which are brought

16   pursuant to state law and fall strictly within the province of the state court.

17        Defendants contend that federal question jurisdiction exists here, because plaintiff

18   purportedly provided defendants with defective notice to vacate the property for purposes of a

19   federal law – the Protecting Tenants at Foreclosure Act ("PTFA"). See Pub. L. No. 111-22, §

20   702, 123 Stat. 1632 (2009).  The PTFA "provides certain protections to tenants who reside in

21   properties subject to foreclosure," including the requirement that a 90-day notice to vacate be

22   given to bona fide tenants. SD Coastline LP v. Buck, 2010 WL 4809661, at **1-2 (S.D. Cal.

23   Nov. 19, 2010) (unpublished).  However, plaintiff's complaint itself is strictly an action based on

24   the California unlawful detainer statutes, and defendants' reference to the PTFA is best

25   characterized as a potential defense or counterclaim, neither of which is considered in evaluating

26   whether a federal question appears on the face of a plaintiff's complaint.

27        Any defenses based on federal law must generally be raised in the state court action and

28   do not provide a basis for removal.  "A case may not be removed to federal court on the basis of a

3

1    federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both

2    parties admit that the defense is the only question truly at issue in the case."  ARCO Envtl.

3    Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108,

4    1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp., 410

5    F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer

6    jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated

7    in the plaintiff's complaint.")  Indeed, federal courts have consistently rejected attempts to

8    premise federal subject matter jurisdiction on the 90-day notice provision of the PTFA.  See, e.g.,

9    Parkland Sec., Inc. v. Carey, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished),

10   adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v.

11   Dudley, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP,

12   2010 WL 4809661, at **2-3; Aurora Loan Servs, LLC v. Martinez, 2010 WL 1266887, at *1

13   (N.D. Cal. Mar. 29, 2010) (unpublished).  Such rejection is based on the fact that an argument

14   relying on the PTFA's notice provision is an attempt to premise the court's subject matter

15   jurisdiction on a defense or counterclaim.[2]

16        Furthermore, this action cannot be removed on grounds of diversity jurisdiction.  First, the

17   amount in controversy does not exceed $75,000, because plaintiff's complaint specifically does

18   not seek more than $10,000.  (ECF No. 1 at 17.)  Second, even if the amount in controversy

19   exceeded $75,000, defendants are citizens of California, and therefore cannot remove the action

20   from a California state court on the basis of diversity jurisdiction.  See 28 U.S.C. § 1441(b) ("Any

21   civil action of which the district courts have original jurisdiction founded on a claim or right

22   arising under the Constitution, treaties or laws of the United States shall be removable without

23   regard to the citizenship or residence of the parties.  *Any other such action shall be removable*

24   *only if none of the parties in interest properly joined and served as defendants is a citizen of the*

25

26   [2] Additionally, federal district courts have concluded that the PTFA does not create a federal
     private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank Nat'l
27   Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba
     v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at **2-4 (S.D. Cal. Oct. 1, 2010)
28   (unpublished).

1  *State in which such action is brought*") (emphasis added).

2        Based on the aforementioned analysis, the court finds that it lacks federal subject matter

3  jurisdiction over plaintiff's unlawful detainer action brought pursuant to California law.

4  <u>CONCLUSION</u>

5        For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

6        1.  The action be remanded to the Sacramento County Superior Court.

7        2.  The Clerk of Court be directed to serve a certified copy of the order on the Clerk of the

8  Sacramento County Superior Court, and reference the state case number (14UD05833) in the

9  proof of service.

10        3.  The Clerk of Court be directed to close this case.

11        In light of the above recommendations, IT IS ALSO HEREBY ORDERED that the

12  January 15, 2015 status conference in this matter is VACATED.  If necessary, the court will

13  reschedule that conference at a later juncture.

14        These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

16  days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served on all parties and filed with the court within fourteen (14) days after service of the

20  objections.  The parties are advised that failure to file objections within the specified time may

21  waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

22  Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

23        IT IS SO ORDERED AND RECOMMENDED.

24  Dated:  September 3, 2014

25

26  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

27

28

5